LADD (BARKER v.). See Case No. 17,352.

LADD (CHANDLER v.). See Case No. 2,593.

━━━━━

## Case No. 7,971.

### LADD v. DULANY.

[1 Cranch, C. C. 583.] [1]

Circuit Court, District of Columbia. Nov. Term, 1809.

SALE—MERCHANTABLE QUALITY—CONFLICT OF LAWS—PLACE OF DELIVERY.

The law of the place where the goods are to be delivered, according to the contract of sale, determines the merchantable quality of the goods.

━━━━━

[1] [Reprinted from 4 N. B. R. 62 (Quarto, 15), by permission.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

This was an action for money paid, laid out. and expended, in the purchase of plank in Boston to be shipped here for the defendant.

The plaintiff offered in evidence a deposition of Haskins, who had shipped the plank to Ladd, to prove that the boards were merchantable.

Mr. Youngs and Mr. Taylor, for defendant, objected that Haskins was interested to prove the plank merchantable, because if he does so the plaintiff will recover from Dulany, and will not bring an action against Haskins to recover back the money paid him for the plank: but if Ladd fails against Dulany, he may resort to Haskins, and this verdict will be evidence against him.

THE COURT admitted the deposition; for the chance of a suit being brought by Ladd against Haskins was but a contingency, and this verdict would not be evidence for Ladd in such a suit, because not between the same parties.

1. The defendant prayed the court to instruct the jury that if no particular quality of plank was ordered by the defendant, he was not bound to receive it unless it was merchantable according to the inspection of Alexandria.

2. And if the order was for plank of a particular quality, the defendant was bound to receive only plank of that quality.

Mr. Swann, for plaintiff, contended that if the defendant requested the plaintiff to send to Boston for merchantable white pine boards, and these were merchantable according to the inspection in Boston, the defendant was bound to take them. The defendant employed the plaintiff to make a contract for him in Boston; the law of that place must govern as to the quality. Suppose an order for flour in Alexandria. It must be merchantable according to the Alexandria inspection.

THE COURT instructed the jury that if they should be of opinion from the evidence that the plaintiff was prevailed upon by the defendant to procure in Boston for the defendant, and as his agent, the plank in question, and as his agent, to cause it to be transported to Alexandria, and that no particular orders were given as to the quality, and that the plank was of a quality merchantable according to the inspection in Boston, and transported to Alexandria, then the defendant was bound to receive it according to the Boston inspection. But if the plaintiff had contracted to sell and deliver the plank to the defendant in Alexandria, the defendant was not bound to receive it unless it was merchantable according to the Alexandria inspection. And that if any particular quality was contracted for or ordered, the defendant was not bound to receive any other quality.